**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3056
_____

JUAN OSWALDO DONIS CONTRERAS,
DELFINA EUNICE DONIS HERNANDEZ,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. Nos. A072-565-371 & A073-170-451)
Immigration Judge:  Honorable Frederic Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2010
Before:  SCIRICA, Chief Judge, SMITH and WEIS, Circuit Judges

(filed: April 12, 2010)

_____

OPINION
_____

PER CURIAM.

Juan Oswaldo Donis Contreras and Delfina Eunice Donis Hernandez

petition for review of a decision of the Board of Immigration Appeals (BIA).  For the

reasons below, we will dismiss the petition for review.

Petitioners are citizens of Guatemala. In June 2007, they were charged as removable as inadmissible aliens present in the United States without being admitted or paroled. They conceded removability and applied for cancellation of removal. They argued that their United States citizen daughter would suffer exceptional and extremely unusual hardship if her parents were removed to Guatemala because she suffers from asthma and would accompany them if they were removed. The Immigration Judge (IJ) found that petitioners had not shown that their citizen daughter would suffer exceptional and extremely unusual hardship. He denied the application for cancellation of removal and ordered the petitioners removed to Guatemala. The BIA dismissed the appeal. Petitioners filed a petition for review.

We have jurisdiction to review constitutional claims and questions of law but not factual or discretionary determinations related to cancellation of removal. Mendez-Moranchel v. Ashcroft, 338 F.3d 176 (3d Cir. 2003). Petitioners argue that the IJ abandoned his role as a neutral fact-finder by conducting his own research on asthma and that this violated their due process rights. The government argues that petitioners failed to exhaust this argument by raising it before the BIA. We agree. Under 8 U.S.C. § 1252(d)(1), we may review a final order of removal only if the petitioners have exhausted all administrative remedies. Petitioners could have raised this due process claim before the BIA. See Bonhometre v. Gonzales, 414 F.3d 442, 447-48 (3d Cir.

2005). Their failure to do so deprives us of jurisdiction to review the claim.

Accordingly, we will dismiss the petition for review.